

# THE ATTORNEY GENERAL

# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

*Superseded By art. 29-d V.C.S.*

October 18, 1951

Hon. John R. Creighton
County Attorney
Palo Pinto County
Palo Pinto, Texas

Dear Sir:

Opinion No. V-1325

Re: Applicability of S.B. 362,
Acts 52nd Leg., R.S. 1951,
ch. 264, p. 424, to Palo
Pinto County.

You have requested an opinion as to whether the Commissioners' Court of Palo Pinto County may elect to compensate constables and deputies under the provisions of Senate Bill 362, Acts 52nd Leg., R.S. 1951, ch. 264, p. 424.

Section 1 of Senate Bill 362 authorizes county commissioners' courts to supply or pay for transportation of constables and deputy constables under one of several optional plans outlined in the statute. Subdivision (e) of Section 1 reads:

"This Act shall not apply to counties having a population of less than twenty thousand (20,000) people."

Your letter requesting an opinion contains the following statement:

"According to the preliminary report of the 1950 census, Palo Pinto County has a population of slightly over 18,000 people. Estimates of reliable civic organizations, Chambers of Commerce, etc., place the present population at well over 20,000 people."

You point out in your letter that Senate Bill 362 does not state the method by which population is to be determined, such as "according to the last Federal census."

Chapter 1 of Title 61 (Articles 3882 et seq.), R.C.S. 1925, provides for the compensation and expenses of district, county, and precinct officers. Article 3889, which is a part of this chapter, reads:

"The preceding Federal census shall govern as to population in all cases under any provision of this chapter."

While the Legislature has not expressly made Senate Bill 362 a part of Chapter 1 of Title 61, this statute deals with compensation and expenses of precinct officers, and we think it was the intention of the Legislature that it be construed in conjunction with the articles of this chapter.

We note that Senate Bill 362 has been unofficially codified as part of Title 120 of the Revised Civil Statutes, relating to Sheriffs and Constables. However, an unofficial codification has no effect on the operation of an act of the Legislature and may be disregarded. Att'y Gen. Letter Op., July 15, 1949, addressed to Hon. Jesse G. Foster.

In former years the Legislature used various standards for determining population classifications for compensating county and precinct officers. Sometimes the vote in the last preceding presidential or other election was used. See, for example, Acts 25th Leg., S.S. 1897, ch. 5, p. 5, secs. 7, 10, and 17. However, these standards, which were dependent on many contingent factors and were therefore not satisfactory, gave way to the use of the preceding Federal census as the customary standard. In 1913, the Legislature amended Article 3887, R.C.S. 1911, so as to provide that "the last United States Census shall govern as to population in all cases" in determining the compensation of these officers. Since that time, this standard has prevailed almost exclusively. Occasionally the Legislature has varied this pattern in exceptional cases, but in those instances it has specified the standard or method by which population is to be ascertained. See, for example, Article 326h, V.C.S.

Senate Bill 362 does not grant authority to any person or body to determine the population of a county, nor does it set out the sources from which information as to population is to be obtained. In view of legislative practice, considered along with Article 3889, supra, we think the failure of the Legislature to state the method by which population is to be determined is more indicative of an intention that the preceding Federal census is to control than that some other method is to be used. In Brooke v. Dulaney, 100 Tex. 86, 93 S. W. 997 (1906), the Supreme Court of Texas held that since the Constitution had provided that population for certain purposes should be determined by the preceding Federal census, it contemplated that population for a similar purpose under another section of the Constitution should be determined by the same method, although it did not expressly so state. The same reasoning is appropriate here. We are of the opinion, therefore, that the preceding Federal census is to be used in determining the applicability of the provisions of Senate Bill 362.

According to the final report of the 1950 Federal census, the population of Palo Pinto County is 17,154. This census is the correct measure of population to determine the applicability of Senate Bill 362 to your county. Att'y Gen. Op. V-1175 (1951). Since Palo Pinto County has a population of less than twenty thousand people, Senate Bill 362 does not apply to it.

## SUMMARY

The Commissioners' Court of Palo Pinto County may not elect to compensate constables and their deputies under Senate Bill 362, Acts 52nd Leg., R.S. 1951, ch. 2, p. 424, since this county has a population of less than twenty thousand people according to the final report of the 1950 Federal census.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

By Robert H. Hughes
Robert H. Hughes
Assistant

Everett Hutchinson
Executive Assistant

RHH:awo:b